only to those who restrain another "without that person's consent *and* without lawful authority." In light of defendant's arguments, I would grant leave to appeal to consider the meaning of the statute. Indeed, although the prosecution favors the result reached by the Court of Appeals, it appears to concede that the statute is difficult to interpret. Because a majority of this Court has denied leave in this case, I urge the Legislature to provide guidance to the courts concerning the proper application of this relatively new statute, perhaps by reconsidering the statute's wording.

*Summary Disposition June 3, 2009:*

GAINFORTH V BAY HEALTH CARE, No. 137907. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals, which shall hold this case in abeyance pending its decision in *Farley v Carp* (Court of Appeals Docket Nos. 283405, 283418, and 284681). After *Farley* is decided, the Court of Appeals shall reconsider this case in light of that case. Court of Appeals No. 284972.

BENNETT V MACKINAC BRIDGE AUTHORITY, No. 138204. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for consideration as on leave granted. Court of Appeals No. 287628.

*In re* HALL (DEPARTMENT OF HUMAN SERVICES V FILBRANDT), No. 138312. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, and we reinstate the May 15, 2008, order of the Kalkaska Circuit Court, Family Division, terminating the respondent-mother's parental rights to the minor children. The Court of Appeals misapplied the clear error standard by substituting its judgment for that of the trial court, MCR 2.613(C), *In re Miller*, 433 Mich 331 (1989), and rendered a decision that was contrary to the clear and convincing evidence supporting termination of the respondent-mother's parental rights pursuant to MCL 712A.19b(3)(b)(*ii*) and (j). We remand this case to the Kalkaska Circuit Court, Family Division, for further proceedings not inconsistent with this order. We do not retain jurisdiction. Court of Appeals No. 285683.

*In re* GRIFFIN (NACOVSKY V HALL), No. 138381. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals for the reasons stated in the Court of Appeals dissenting opinion and remand this case to the Shiawassee County Probate Court for entry of an order granting the trustee's petition to enforce the *in terrorem* clause and for further proceedings not inconsistent with this order. The motion to stay the trial court proceedings is denied as moot. Reported below: 281 Mich App 532.

*Leave to Appeal Denied June 3, 2009:*

PEOPLE V KEY, No. 137294; Court of Appeals No. 277762.

KELLY, C.J., and CAVANAGH, J. We would grant leave to appeal.

THERIAULT V AL BORDEAU INSURANCE SERVICE, INC, No. 137706; Court of Appeals No. 278643.

GRAND RAPIDS EMPLOYEES INDEPENDENT UNION V CITY OF GRAND RAPIDS, No. 137756; Court of Appeals No. 280360.
KELLY, C.J., and HATHAWAY, J. We would grant leave to appeal.

MARKHAM V SUNOCO OIL COMPANY, No. 137772; Court of Appeals No. 272163.

PEOPLE V REGINALD JOHNSON, No. 137915; Court of Appeals No. 278955.

SHAHEEN V MICHIGAN PUBLIC SCHOOL EMPLOYEES RETIREMENT BOARD, No. 137950; Court of Appeals No. 278751.
KELLY, C.J. I would grant leave to appeal.

PROKES V AUTO-OWNERS INSURANCE COMPANY, No. 137953; Court of Appeals No. 278321.

PAL PROPERTIES, LLC V TICOR TITLE INSURANCE COMPANY, No. 138096; Court of Appeals No. 280389.

PEOPLE V TRACEY ROBERTSON, No. 138135; Court of Appeals No. 280587.
KELLY, C.J., and CAVANAGH, J. We would grant leave to appeal.

ROBINSON V TAN, No. 138139; Court of Appeals No. 281551.

WHITMAN V BOYNE CITY, No. 138158; Court of Appeals No. 280212.

PEOPLE V NATHANIEL JONES, No. 138216; Court of Appeals No. 280589.
KELLY, C.J., and CAVANAGH, J. We would grant leave to appeal.

PEOPLE V TOMMY ROBERTSON, No. 138235; Court of Appeals No. 280588.
KELLY, C.J., and CAVANAGH, J. We would grant leave to appeal.

*Order Granting Oral Argument in Case Pending on Application for Leave to Appeal June 5, 2009:*

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY V HUDSON, No. 137698. We direct the clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). The parties may file supplemental briefs within 42 days of the date of this order, but they should not submit mere restatements of their application papers. Court of Appeals No. 277300.

*Reconsideration Granted June 5, 2009:*

SCOTT V STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, No. 136502. We vacate our order dated December 3, 2008. On reconsideration, the application for leave to appeal the judgment of the Court of Appeals is denied, because we are not persuaded that the question